[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11930

Non-Argument Calendar

_____

CAFE INTERNATIONAL HOLDING COMPANY LLC,
individually and on behalf of all others similarly situated,

Plaintiff-Appellant,

*versus*

CHUBB LIMITED,

Defendant,

WESTCHESTER SURPLUS LINES INSURANCE COMPANY,

Defendant-Appellee.

2                    Opinion of the Court                    21-11930

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-21641-JG

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Cafe International Holding Company owns an upscale Italian restaurant in Fort Lauderdale. In November 2019, it purchased a yearlong insurance policy from Westchester Surplus Lines Insurance Company to protect its restaurant. The policy included coverage for "actual loss of Business Income" sustained during a necessary suspension of operations "caused by direct physical loss of or damage to" the insured property. It also provided coverage for additional expenses incurred due to a "Covered Cause of Loss"—defined as "direct physical loss" by the policy.

The public health emergency caused by the COVID-19 pandemic of early 2020 affected Florida just as it did the rest of the country. Responding to this threat, both state and county officials issued orders requiring Cafe International—like other food service providers—to temporarily close its restaurant. Cafe International complied with these orders, "sustained losses of business income,

and incurred extra expenses." But when it notified Westchester of its losses, the insurance company declined to pay.

Cafe International sued Westchester, alleging that its business losses and extra expenses resulting from the COVID-19 pandemic were covered by the 2019 insurance policy. The district court rendered judgment on the pleadings in favor of Westchester. Applying Florida law, it found "no plausible, sufficiently specific allegations of direct physical loss of or damage to the restaurant," and therefore concluded that Cafe International's losses were not covered under the policy. This appeal followed.

"A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). That is, to survive a motion for judgment on the pleadings, a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Although we accept the facts alleged in the complaint as true, "we are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

As this Court recently explained, "every federal and state appellate court that has decided the meaning of 'physical loss of or damage to' property (or similar language) in the context of the COVID-19 pandemic has come to the same conclusion": loss of business as a result of government closure orders is not covered under such language because "some tangible alteration of the

4                     Opinion of the Court                 21-11930

property is required." *SA Palm Beach, LLC v. Certain Underwriters at Lloyd's London*, __ F.4th __, No. 20-14812, 2022 WL 1421414, at *8 (11th Cir. 2022) (collecting cases). No Florida precedent suggests—much less holds—otherwise. "We therefore presume that Florida would adopt the majority position." *Id.* at *9.

We **AFFIRM** the district court's judgment.